Sostre, Petitioner and Appellant, v. Calzada, Contestant and Appellee.

## Appeal from the District Court of Humacao in Habeas Corpus Proceedings.

### No. 2288.—Decided May 31, 1924.

Arrest—Justice of the Peace—District Attorney.—Section 38 of the Code of Criminal Procedure was originally drawn for arrests ordered by justices of the peace. When the district attorney instead orders the arrest there can be no doubt that he is proceeding by virtue of the authority reposed in him by The People of Porto Rico, and the defendant, the warden of the jail and any other official will take notice of such a fact and that the district attorney is the officer he purports to be and is empowered to make arrests. No such presumptions arise in favor of a justice of the peace, as is the effect of *Ex Parte Solares,* 4 P. R. R. 82.

Id.—Evidence—Admission.—The evidence showing a deliberate shooting by the defendant with an admission of premeditation, it follows that there was a *prima facie* case.

Id.—Id.—Id.—Habeas Corpus—Confession.—Generally, whether a statement of the defendant is an admission or a confession may not be made the subject of inquiry by habeas corpus.

Id.—When the district attorney is investigating a crime before making an arrest the law does not require him to confront the defendant with the witness.

The facts are stated in the opinion.

*Mr. F. Cervoni* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

The order of arrest in this case was as follows:

"United States of America, The President of the United States. SS.   The People of Porto Rico v. Marcos Sostre.   To the Warden of the District Jail of Humacao.—An order having been this day issued by me for the arrest of Marcos Sostre to answer to a charge

of unlawful killing of Vicente Robles while deliberately shooting with premeditation at Pablo Lebrón, a crime committed at Yabucoa of the Judicial District of Humacao on March 29, 1924, you are hereby commanded to receive the said Marcos Sostre into your custody and hold him until legally released therefrom."

The appellant in habeas corpus complains that the order of arrest does not comply with section 38 of the Code of Criminal Procedure as follows:

"Sec. 38.—The commitment must be to the following effect:
        " 'District of_____
" '*The People of Porto Rico to the warden of the jail of* _____*district*:
" ' 'An order having been this day made by me that_____ _____be held to answer upon a charge of (stating briefly the nature of the offense, and giving as near as may be the time when and the place where the same was committed), you are commanded to receive him into your custody and detain him until he is legally discharged.
        " ' 'Dated this_____day of_____, eighteen_____.' ' ''

This section was originally drawn for arrests ordered by a justice of the peace. When the district attorney instead orders the arrest there can be no doubt that he is proceeding by virtue of the authority reposed in him by The People of Porto Rico, and the defendant, the warden of the jail and any other official will take notice of such a fact and that the district attorney is the officer he purports to be. Neither the defendant nor the warden can fail to know by virtue of whose authority the arrest is made. The district attorney has a clear authority to make arrests. He is a magistrate by virtue of section 13 of the Code of Criminal Procedure. No such presumptions arise in favor of a justice of the peace, as is the effect of *Ex Parte Solares,* 4 P.R.R., 82.

As to the second error we find the evidence sufficient to show a prima facie case, inasmuch as a deliberate shooting was shown with an admission of premeditation. We agree with the *fiscal* that whether a statement is an admission or

a confession may not ordinarily be made the subject of an inquiry by habeas corpus. There was probable cause for holding defendant. *Baiges* v. *People,* 26 P.R.R., 135.

The third alleged assignment of error sets up the right of defendant to be confronted with the witnesses. When the *fiscal* is investigating a crime before making an arrest, we find nothing in the law that requires him to confront the defendant with the witnesses. The grand jury was the forerunner of informations by the district attorney and no such right in the defendant or practice prevailed. Nor does the present grand jury law give defendant such a right. A person accused of crime, as held by the court below, must be confronted in a trial, but not on being arrested. The investigation of the district attorney is private. *People* v. *Reyes,* 10 P.R.R., 240; *People* v. *Beltrán,* 18 P.R.R., 908.

The order must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.